UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCADIA ACADEMY, LLC d/b/a THEE ABBEY KITCHEN, <br><br> Defendant. | Case No. 4:23-cv-00163 <br><br> **JURY TRIAL DEMANDED** |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Arcadia Academy, LLC, by and through counsel, moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### STATEMENT OF FACTS

1. Plaintiff registered a photograph titled "ChickenFried013" with the Register of Copyrights on September 20, 2016 and was assigned Registration No. VA 2-017-741. (Doc #1, ¶11-12).

2. On June 28, 2013 (prior to Plaintiff's above referenced copyright registration), Defendant published a photo in a single post on its Facebook page as displayed in Exhibit B to the Complaint. (Doc #1, ¶16-17).

3. Plaintiff claims to have discovered Defendant's June 28, 2013 Facebook post in August of 2022. (Doc #1, ¶21).

4. Plaintiff claims that the Defendant's June 28, 2013 Facebook post infringed and violated its exclusive rights in violation of Copyright Act, 17 U.S.C. §501. (Doc. #1, ¶28).

5. Plaintiff claims it is entitled to recover actual damages resulting from Defendant's June 28, 2013 Facebook post. (Doc. #1, ¶30).

6. Plaintiff filed its claim on February 13, 2023. (Doc. #1).

7. From the time of Defendant's June 28, 2013 Facebook post to the filing of this action 3,517 days or 9 years and 7 months have passed.

8. The Copyright Act contains a three-year statute of limitations. 17 U.S.C. §507(b).

## STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of a complaint. *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872 , 876 (8th Cir. 2010).  "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice `to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  As a general rule, "the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004)).  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## ARGUMENT

**I.      Defendant's recovery is barred by the statute of limitations.**

The Copyright Act provides that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim is accrued." 17 U.S.C. §507(b).  A cause of action accrues with the plaintiff has knowledge of an infringement or is chargeable with such knowledge.  *Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F.Supp.2d 916, 920 (E.D. Mo. 2011)(citing *Roley v. New World Pictures,* 19 F.3d 479, 481 (9th Cir. 1994).  In the 8th Circuit, the courts have uniformly applied the discovery rule in copyright infringement cases.  (*Design Basics, LLC v. Carhart Lumber Co.*, No. 8:13CV125, 2016 BL 30056, at *3 (D. Neb. Feb. 3, 2016)(citing *Comcast of Illinois X v. Multi-Vision Elecs., Inc.,* 491 F.3d 938 (8th Cir. 2007)(applying 17 U.S.C. §507(b) to claim under Cable Communications Policy Act; "In federal question cases, the discovery rule applies in the absence of a contrary directive from Congress.  Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, **or with due diligence should have discovered**, the injury which is the basis of the litigation.")(emphasis added)).  Here, while there is no doubt in the more than nine years since the single infringement occurred, with due diligence plaintiff should have discovered the infringement.  However, regardless of whether plaintiff knew of the infringement or should have discovered the infringement in those more than nine years, plaintiff cannot state a claim for which relief may be granted.

Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period. *Two Palms Software, Inc.,* 780 F.Supp.2d at 920.  In *Petrella*, the Supreme Court explicitly adopted the rolling approach as

the appropriate way to determine the scope of relief. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 134 S.Ct. 1962, 1973, 188 L.Ed.2d 979 (2014)(A successful plaintiff can gain retrospective relief only three year back from the time of suit.  No recovery may be had for infringement in earlier years.  Profits made in those years remain the defendant's to keep.)(see also *Nimmer on Copyright* (2015) §12.05[B][2][c] and §12.05[B][1][b][23.1] which persuasively concludes the Supreme Court's adoption of the rolling approach was "integral to its holding.").  Here, the facts on the face of the Complaint are clear.   This is a claim for a single act in 2013 more than nine years prior to the filing of the complaint.  Even if Plaintiff discovered the claimed infringement in 2022, the Plaintiff is limited to relief only three years back from the time of the suit.  Due to the fact that this alleged infringement occurred prior to the Plaintiff's registration, Plaintiff is limited to recovery of actual damages or disgorgement of Defendant's profit from the infringement.  Here, any actual damages or disgorgement of Defendant's profit from the alleged infringement would have occurred in 2013, well beyond the three year limitation.  In other words, even if Plaintiff is able to successfully prove infringement of its copyright, it will not be entitled to relief.  Therefore, Plaintiff's claim should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety and for any other relief the Court deems just and appropriate.

                                                Respectfully submitted,

Dated: March 17, 2023                        FortmanSpann, LLC

                                    By:      /s/ Kelly M. Spann
                                                Kelly M. Spann #73954
                                                Attorney for Defendant
                                                250 Saint Catherine Street
                                                Florissant, MO 63031
                                                (314) 522-2312
                                                (314) 524-1519 (Facsimile)
                                                kms@fortmanlaw.com

                                     **<u>CERTIFICATE OF SERVICE</u>**

     The undersigned certifies that the foregoing has been served via operation of the Court's electronic filing system

                                                /s/ Kelly M. Spann