IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Case No. 4:23-cv-00163-SPM

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

ARCADIA ACADEMY, LLC d/b/a Thee
Abbey Kitchen,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") hereby files this memorandum in opposition to defendant Arcadia Academy, LLC d/b/a Thee Abbey Kitchen's ("Defendant") Motion to Dismiss and Memorandum in Support of Defendant's Motion to Dismiss (the "Motion") [D.E. 8 and 9], and alleges as follows:

## INTRODUCTION

The matter before the Court is not complex. Plaintiff is the owner and registered copyright holder of a photograph (the "Work") specifically identified/displayed in the Complaint. Plaintiff alleges that Defendant published the Work on its Facebook page in connection with the marketing of Defendant's business. Screenshots of the registration certificate (establishing Plaintiff's ownership of the Work) and the subject advertisement/posting are included within and as exhibits to the Complaint. On these allegations alone, the Complaint satisfies the pleading requirements of the single claim for copyright infringement asserted by Plaintiff.

The Motion is, in a word, senseless. Rather than address the actual elements of Plaintiff's copyright infringement claim, Defendant opted to ignore the law and facts. Defendant instead chose to squander the Court's time with a motion wrought with misapplied law, confusing a damages analysis under Petrella v. MGM, 572 U.S. 663 (2014) with the statute of limitations pursuant to the discovery rule.  As set forth herein, the Motion must be denied.

## ARGUMENT

I.    **Legal Standard**

   A.    *Motion to Dismiss*

When deciding a motion to dismiss, "Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true." Bowen Eng'g Corp. v. Pac. Indem. Co., No. 4:15CV32 RLW, 2015 U.S. Dist. LEXIS 87721, at *5 (E.D. Mo. July 7, 2015). "In adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints." Mo. ex rel. Schmitt v. China, No. 1:20 CV 99 SNLJ, 2022 U.S. Dist. LEXIS 120698, at * 10 (E.D. Mo. July 8, 2022). The Eight Circuit has repeatedly held that:

> [w]hile courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment.

Id.; Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013); Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, they may also consider exhibits and documents attached to a complaint." Stockley v. Joyce, No. 4:18-CV-873 CAS, 2019 U.S. Dist. LEXIS 23854, at *3 (E.D. Mo. Feb. 14, 2019); Brown v. Green Tree

Servicing LLC, 820 F.3d 371, 373 (8th Cir. 2016). Under Rule 12(b)(6), a court shall grant a motion to dismiss "'[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.'" Altidor v. Mo. Metals, LLC, No. 4:12CV1997 TIA, 2013 U.S. Dist. LEXIS 74466, at *9 (E.D. Mo. May 28, 2013) (quoting Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008)).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 555 U.S. 662 (2009).  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

### B.     *Statute of Limitations*

"'Under [17 U.S.C. § 507(b)] a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation'" Scott Breuer Const., Inc. v. Koch, No. 12-CV-3182, 2014 U.S. Dist. LEXIS 87000, 2014 WL 2893200, at *1 (D. Minn. June 26, 2014) (quoting Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007)); Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC, 780 F. Supp. 2d 916, 920 (E.D. Mo. 2011) (cause of action accrues within meaning of 17 U.S.C. § 507(b) when "the plaintiff has knowledge of a infringement or is chargeable with such knowledge"); Gleeson v. Jackson, No. 1:05-CV-088, 2006 U.S. Dist. LEXIS 8125, 2006 WL 462110, at *2 (D.N.D. Feb. 24, 2006) ("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge.")

"Both before and after Petrella, courts within the Eighth Circuit have uniformly applied the discovery rule in copyright-infringement cases. I shall do the same" Design Basics, LLC v. Carhart Lumber Co., No. 8:13CV125, 2016 U.S. Dist. LEXIS 12788 (D. Neb. Feb. 3, 2016); Comcast of Illinois X v. Multi-Vision Elecs., Inc., 491 F.3d 938 (8th Cir. 2007) ("In federal question cases, the discovery rule applies in the absence of a contrary directive from Congress. Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation.").

## II.    The Motion Does Not Challenge the Elements of Copyright Infringement

The Complaint and the exhibits attached thereto firmly establish a claim for which relief can be granted. The Complaint asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized copying/display of a photograph for which Plaintiff is the registered copyright owner. The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Copyright infringement has two elements: "first, 'ownership of a valid copyright," and second, 'copying of original elements of the work.'" Infogroup, Inc. v. DatabaseLLC, 956 F.3d 1063, 1066 (8th Cir. 2020); Mulcahy v. Cheetah Learning, LLC, 386 F.3d 849, 852 (8th Cir. 2004) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). "Once a plaintiff has proven that he or she owns the copyright on a particular work, and that the defendant has infringed upon those exclusive rights—that is, he has proven the two key elements of copyright infringement, ... the defendant is liable for the infringement and this

liability is absolute." Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 637 (8th Cir. 1996) (quoting Pinkham v. Sara Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992) (internal quotations omitted).

Importantly, the Motion does not challenge either aspect of an infringement claim – indeed, the Motion is *silent* with respect to ownership and/or copying.  Nor could Defendant seriously challenge either element given the registration certificate attached to the Complaint and the screenshot showing Defendant's unequivocal copying/display of the Work.

**III.     Defendant's Statute of Limitations Argument Fails**

Rather than address the ***actual elements*** of a copyright infringement claim, the Motion proffers a single argument in favor of dismissal – that the Complaint is purportedly barred by the 3-year statute of limitations given that the Facebook post in question was published in June 2013. Here, the Motion acknowledges that, after Petrella, courts in the Eighth Circuit continue to follow the 'discovery' rule with respect to when a claim for copyright infringement accrues.  Under that rule, a claim accrues when a plaintiff discovered or with due diligence should have discovered the infringement.

While the Motion properly identifies the discovery rule as applicable here, its application thereof is… somewhat lacking.  Indeed, Defendant's *entire* argument with respect to the statute of limitations is contained in a single sentence: "Here, while there is no doubt in the more than nine years since the single infringement occurred, with due diligence plaintiff should have discovered the infringement."[1]  Defendant does not purport to explain this assertion, cite a single case in support thereof, identify how Plaintiff was apparently on inquiry notice of Defendant's Facebook page, etc.  This 'take my word for it' approach, however, is clearly insufficient to support a statute

---

[1]     See Motion, at p. 3.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of limitations defense on a motion to dismiss.  Importantly, the Complaint alleges that "***[t]hrough its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in August 2022***."[2]  Defendant may certainly inquire into those diligent efforts in discovery and perhaps pursue a statute of limitations defense at the summary judgment stage.  Accepting Plaintiff's allegations as true, however (as the Court must do), based on the record before it, the Court cannot find that Plaintiff's claim is somehow barred by the statute of limitations when Plaintiff asserts it did not and could not reasonably have discovered the infringement prior to August 2022.  Defendant's statute of limitations argument fails.

### IV.     Defendant's Fundamental Misunderstanding of Petrella

Defendant's final argument is perplexing and frankly demonstrates a wholesale misunderstanding of Petrella, the statute of limitations, and the applicable look-back period with respect to a plaintiff's available damages.  Here, Defendant *wrongly* asserts that Petrella bars this action because the Supreme Court limited plaintiffs to a 3-year lookback period with respect to damages and (according to Defendant) those damages began in June 2013 when the Work was posted to its Facebook page.

Petrella does *not* stand for the proposition that an infringing act occurring more than three (3) years prior to the filing of a lawsuit somehow bars a plaintiff from any recovery (which would therefore convert the 'discovery' rule into an 'injury' rule for claim accrual).  Rather, Petrella concerned application of a laches defense to a copyright infringement claim and held that such defense was inapplicable.  Following Petrella, only one Circuit (the Second Circuit) has interpreted the decision as imposing "a three-year lookback period from the time a suit is filed to determine

---

[2]     See Complaint, at ¶ 21 (emphasis added).

the extent of the relief available." Sohm v. Scholastic Inc., 959 F.3d 39, 52 (2d Cir. 2020).  Sohm, however, does not help Defendant here.  Notably, Sohm recognized that the discovery rule was still the proper claim accrual mechanism in the Second Circuit (and every other Circuit to consider the issue).  Thus, applied to the facts of this case, Sohm stands for the proposition that Plaintiff may pursue an infringement claim for acts occurring in 2013, but could only recover damages incurred during the 3 years prior to the filing of this lawsuit.  The Court need look no further than Sohm's subsequent history to confirm this.  Indeed, in September 2021, the district court granted summary judgment to the plaintiff photographer with respect to the alleged infringement of multiple photographs that were infringed by the defendant between 2009 – 2011 (five years prior to the filing of the lawsuit).  See Sohm v. Scholastic Inc., 2021 U.S. Dist. LEXIS 174517, at *4 (S.D.N.Y. Sep. 14, 2021).

More recently, both the Ninth Circuit and the Eleventh Circuit have rejected Sohm's 3-year lookback period with respect to a plaintiff's entitlement to damages.  See Starz Ent., LLC v. MGM Domestic Television Distrib., LLC, 39 F.4th 1236, 1244 (9th Cir. 2022); Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023).  Under Sohm, Plaintiff may recover damages incurred during the three years prior to the filing of this lawsuit.  Under Starz Ent., LLC and Nealy, Plaintiff may recover damages incurred dating back to June 2013.  Whether Sohm, Starz Ent., LLC, or Nealy is ultimately adopted by the Eighth Circuit, however, is *irrelevant* to consideration of the Motion.  The Complaint plainly alleges that Plaintiff licenses its photographic library pursuant to a monthly subscription service whereby users must pay Plaintiff $999.00/month for access thereto.[3]  The screenshot of Defendant's infringement (attached to the Complaint as Exhibit B) shows that the Work was published to Defendant's Facebook page as of *November 17, 2022*.

---

[3] See Complaint, at ¶¶ 7 – 9.

Plaintiff incurs damages for each month that an infringer (such as Defendant) publishes its photographs without payment of Plaintiff's monthly subscription fee. If this Court follows <u>Sohm</u>, Plaintiff may recover those subscription fees that should have been paid during the 3 years prior to the filing of this lawsuit. But nothing in the Motion, <u>Sohm</u>, <u>Petrella</u>, or any other case supports Defendant's spurious assertions and wholesale misunderstanding of the law.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such other relief as the Court deems proper.

Dated: March 31, 2023

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: <u>/s/ Daniel DeSouza</u>
    Daniel DeSouza, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

<u>/s/ Daniel DeSouza</u>
Daniel DeSouza, Esq.