UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br>    Plaintiff, <br><br>v. <br><br>ARCADIA ACADEMY, LLC d/b/a THEE ABBEY KITCHEN, <br><br>    Defendant. | Case No. 4:23-cv-00163 <br><br>**JURY TRIAL DEMANDED** |

### **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant Arcadia Academy, LLC, by and through counsel, and in further support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim states as follows:

At this stage Defendant only has commonsense to support its contention that the "reasonable man" duty of due diligence alone will bar Plaintiff's claim. However, Defendant need not rely on whether Plaintiff's discovery timeframe was reasonable to succeed at this stage. Plaintiff's claim fails due to the fact that there is no infringement nor any damages within the statute of limitations in this case.

The Copyright Act provides that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim is accrued. *Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC,* 780 F.Supp.2d 916, 920 (E.D. Mo. 2011)(quoting 17 U.S.C. §507(b)). A cause of action accrues when the plaintiff has knowledge of an infringement or is chargeable with such knowledge. *Id.*(citing *Roley v. New World Pictures,* 19 F.3d 479, 481 (9th Cir. 1994). Because each act of infringement is a distinct harm,

the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period. *Id.*(citing *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004). In a case of continuing infringements, "an action may be brought for all acts that accrued within the three years preceding the filing of the lawsuit. *Id.*(citing *Roley,* 19 F.3d at 481). Because Plaintiff's allegations indicate a single infringement that occurred in June of 2013, there is no copyright claim within the three-year statutory period.

Furthermore, it is undisputed that Section 507(b) bars relief of any kind for conduct occurring prior to the three-year limitations period. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. *Id.* at 671. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately for each violation. *Id.* Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. *Id.* Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs. *Id.* In short, each infringing act starts a new limitations period. *Id.*(see *Stone v. Williams,* 970 F.2d 1043, 1049 (CA2 1992)("Each act of infringement is a distinct harm giving rise to an independent claim for relief."). Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. *Id.* And the infringer is insulated from liability for earlier infringement of the same work. *Id.* In this case, the only alleged infringement is a single Facebook post in June of 2013 and the only ascertainable damage for the single pleaded alleged infringement was in 2013.

A single infringer of a single work is liable for a single amount. H.R.Rep. No. 1476 (94th Cong., 2d Sess.1976, reprinted in 1976 U.S.C.C.A.N. 5659, 5778). *See also Walt Disney*

*Co. v. Powell*, 897 F.2d 565, 569 (D.C.Cir.1990).  Additionally, a successful plaintiff can gain retrospective relief only three years back from the time of suit.  *Petrella,* 572 U.S. at 677.  No recovery may be had for infringement in earlier years.  *Id.*  Finally, this is not a case of rolling or continuous infringement and no allegations of fraudulent concealment have been set forth to toll the statute.  Therefore, even if Defendant did infringe in 2013, it was a single infringement and the corresponding single and minimal damage occurred in 2013 which is well beyond the three-year statute of limitations for copyright infringement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety and for any other relief the Court deems just and appropriate.

Respectfully submitted,

Dated: April 3, 2023              FortmanSpann, LLC

By:       /s/ Kelly M. Spann
Kelly M. Spann #73954
Attorney for Defendant
250 Saint Catherine Street
Florissant, MO 63031
(314) 522-2312
(314) 524-1519 (Facsimile)
kms@fortmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing has been served via operation of the Court's electronic filing system

/s/ Kelly M. Spann